IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DESIGN BASICS, L.L.C.,** | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) |
| | ) No. 09-2614-KHV |
| **JAMES STRAWN, STRAWN** | ) |
| **CONTRACTING, INC., et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Under 17 U.S.C. § 101 et seq., Design Basic, LLC brings suit against James Strawn; Strawn Contracting, Inc.; Strawn Homes, Inc.; Strawn Corp.; Strawn Development, Inc. and Strawn Real Estate Management, Inc., alleging copyright infringement. Plaintiff has designated Kansas City, Kansas, as the place of trial. This matter comes before the Court on defendants' Motion For Determination Of Place Of Trial (Doc. #10) filed March 8, 2010. For the reasons stated below, defendants' motion is overruled.

## Legal Standards

Under D. Kan. Rule 40.2, the Court is not bound by the requests for place of trial but may, upon motion by a party or in its discretion, determine the place of trial. In considering motions for intra-district transfer, the courts of this district have generally looked to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[1] See Hartwick v. Lodge 70 Int'l, No. 99-4139-SAC,

---

[1] Under 28 U.S.C. § 1404, "in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." The Court recognizes that the statute is inapplicable on its face as Kansas comprises only one judicial district and division. The statute provides, however, that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. § 1404(c)).

2000 WL 970670, at *1 (D. Kan. June 16, 2000) (citing Aramburu v. Boeing Co., 896 F.Supp. 1063, 1064 (D. Kan.1995); Curtis 1000, Inc. v. Pierce, No. 94-4086-RDR, 1994 WL 478744, at *1 (D. Kan. Aug. 25, 1994)). In evaluating a transfer under Section 1404(a), the Court considers plaintiff's choice of forum, the convenience of witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and "all other considerations of a practical nature that make a trial easy, expeditious and economical." Hartwick, 2000 WL 970670, at *1 (citing Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515-16 (10th Cir.1991)). Unless the balance is strongly in favor of movant, plaintiff's choice of forum should rarely be disturbed. Id. (citing Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir.1992) (quotations and citations omitted)). Furthermore, except for the most compelling reasons, cases are generally not transferred between cities. Bauer v. City of De Soto Ks., No. 04-4027-JAR, 2004 WL 2580790 *1 (D. Kan. Nov. 3, 2004).

## Analysis

Defendants cite Southern Star Central Gas Pipeline, Inc. v. Frederick, No. 09-2435-CM, 2010 WL 618150 (D. Kan. Feb. 18, 2010), and argue that the Court should transfer this matter to Wichita. Specifically, defendants argue that plaintiff has no vested interest in a trial in Kansas City, and that transfer will allow defendants and critical defense witnesses to commute to a trial in Wichita on a daily basis. Plaintiff responds that defendants have not cited significant reasons to warrant transfer and that the litigation is in too early a stage to determine the most convenient location for trial.

**I.     Plaintiff's Choice of Forum**

Plaintiff's choice of forum is generally entitled to great deference. Scheidt, 956 F.2d at 965. Where plaintiff's choice of forum is not its residence, however, that consideration receives much less weight. Wichita Investors, LLC v. Wichita Shopping Ctr. Assocs., No. 02-2186-CM, 2002 WL

1998206, at *1 (D. Kan. Aug. 7, 2002) (citing Ervin & Assocs., Inc. v. Cisneros, 939 F.Supp. 793, 799 (D. Colo. 1996)).

Defendants argue that the Court should not take plaintiff's choice of forum into consideration because plaintiff's choice of forum is not its residence. Plaintiff does not address this factor in its response. Plaintiff is a Nebraska corporation with its principle place of business in Omaha. As plaintiff is not a resident of Kansas, its choice of forum receives less weight. Still, Kansas City is significantly closer to Omaha than Wichita, and this factor is entitled to some weight.

## II. Convenience and Accessibility of the Witnesses

Where enormous disparity of convenience exists between trial in Kansas City and trial in Wichita, and all parties, witnesses and sources of proof are located in Wichita, this Court has held that transfer is proper. See Semsroth v. City Of Wichita, Ks, No. 06-2376-KHV, 2007 WL 2462178, at *2 (D. Kan. Aug. 29, 2007) (citing Benson v. Hawker Beechcraft Corp., No. 07-2171-JWL, 2007 WL 1834010, at *3 (D. Kan. June 26, 2007); Taher v. Wichita State Univ., No. 06-2132-DJW, 2007 WL 1149143, at *2 (D. Kan. April 18, 2007)). Decisions to transfer may be delayed until the completion of discovery, however, so the court can fully analyze the issue of convenience and accessibility of designated witnesses. See Biglow v. Boeing Co., 174 F. Supp.2d 1187, 1195 (D. Kan. 2001). In Southern Star Cent. Gas Pipeline, Inc. v. Greul, No. 08-2115, 2008 WL 5264130 (D. Kan. Dec. 17, 2008), this Court held that Kansas City, not Wichita, was the proper location for trial where plaintiff had designated Kansas City as the place of trial and defendants could not establish that trial in Kansas City was substantially inconvenient for potential witnesses. See 2008 WL 5264130, at *3. In Greul, an easement case, defendants failed to establish that Kansas City was substantially inconvenient even where the subject property and many documents relating to it were

located near Wichita. Id. The Greul defendants presented no evidence that a substantial number of proposed witnesses were Wichita residents. Id.

Defendants argue that the Court should transfer this case to Wichita because defendants and other critical witnesses reside in Hutchinson, Kansas. Defendants further argue that a trial in Wichita would allow defendants and these unidentified witnesses to travel daily from Hutchinson to Wichita, while a trial in Kansas City would preclude such arrangements. Plaintiff responds that its corporate representatives – and experts for both parties – will probably be flying to Kansas from various locations across the country and that Kansas City permits direct in-going and out-going flights that are not available in Wichita.[2]

Neither party contends that any documents or witnesses will be inaccessible if trial is held in Kansas City. Furthermore, the record contains no evidence that witnesses – other than defendants – would be inconvenienced if trial is conducted in Kansas City. In fact, at this stage of the litigation, neither party has identified any witnesses other than the parties and no discovery has taken place. Defendants are not even residents of Wichita, but instead live in Hutchinson. While Wichita is a more convenient location for defendants, this fact alone does not establish that trial in Kansas City is substantially inconvenient for potential witnesses.

## III.   Fair Trial

Defendants do not argue that conducting the trial in Kansas City would prevent a fair trial.

---

[2] Plaintiff also argues that Kansas City is more convenient for counsel for both parties as well as the attorneys for "non-party witnesses" who may appear at trial. Plaintiff, however, does not designate any specific non-party witnesses. The Court notes that convenience of counsel is given little if any weight and does not factor into its decision here. See Baker v. Via Christi Reg'l Med. Ctr., No. 06-2168-KHV, 2007 WL 913925, at *2 (D. Kan. Mar. 23, 2007)

In its response, plaintiff appears to insinuate that a fair trial cannot be had in Wichita because defendants are long time residents of the Wichita area and Wichita would not provide an adequate jury pool for this type of trial. See Plaintiff's Response And Breid [sic] In Opposition To Defendants' Motion For Determination Of Place Of Trial (Doc. #13) filed March 22, 2010 at 4. Plaintiff states as follows:

> While copyright cases are not "rocket science," neither are they simple with respect to liability facts, damage models, or the application of facts to the law. Plaintiff's Counsel respectfully believes that the area surrounding Kansas City would provide a good sampling of educated, business savvy jurors, who would form the basis of a good jury panel for a copyright case.

Id. Plaintiff presents no evidence, however, in support of its argument. This factor does not clearly weigh in favor of any party or location.

**IV.    Other Considerations**

Plaintiff argues that this matter has only been filed recently and is not "ripe" for a determination of where best to conduct trial. Defendants do not address this argument. As stated above, decisions to transfer may be delayed until the completion of discovery, so the Court can fully analyze the issue of convenience and accessibility of designated witnesses. See Biglow, 174 F. Supp.2d at 1195. The Court agrees that it would be premature to transfer this matter to Wichita for trial.

After considering all factors, the Court finds that defendants have not offered persuasive reasons why the case should be transferred at this time. The balance of factors does not strongly outweigh plaintiff's choice of forum, and the Court therefore overrules defendants' motion.

**IT IS THEREFORE ORDERED** that defendants' Motion For Determination Of Place Of Trial (Doc. #10) filed March 8, 2010, be and hereby is **OVERRULED**.

Dated this 26th day of April, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge