# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DESIGN BASICS, L.L.C.,** | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | Case No. 09-2614-KHV-DJW |
| | ) | |
| **JAMES STRAWN, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Under the Scheduling Order (ECF No. 18), the parties were given until May 28, 2010 to submit a jointly proposed protective order under Fed. R. Civ. P. 26(c) to govern discovery in this matter. This deadline was extended to June 11, 2010 to give the parties an opportunity to further confer and reach an agreement on the terms and provisions of such a protective order. The parties were unable to reach an agreement. Now pending before the Court is Defendants' Motion for Protective Order (ECF No. 21). Defendants ask the Court to enter their proposed protective order, which includes a "Highly Confidential – Attorneys' Eyes Only" designation.

Under Fed. R. Civ. P. 26(c), for good cause shown, the Court may enter a protective order which designates "the persons who may be present while the discovery is conducted" and requires "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[1] In seeking a protective order under Fed. R. Civ.

---

[1] Fed. R. Civ. P. 26(c).

P. 26(c), Defendants have the burden of demonstrating good cause for such an order.[2] To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[3]

Plaintiff opposes Defendants' Motion on the grounds that Defendants have not shown good cause for entering a protective order with a "Highly Confidential – Attorneys' Eyes Only" designation. The Court agrees. Although Defendants explain at length their considerable efforts to reach an agreement with Plaintiff on this issue, Defendants do not provide the Court with a particular and specific demonstration of fact necessary for the Court to conclude that good cause exists to enter a protective order with a "Highly Confidential – Attorneys' Eyes Only" designation.

In addition, having reviewed the proposed protective order in its entirety, the Court finds several provisions that must be revised in order to comply with the Court's written guidelines for protective orders, which can be found at:

http://www.ksd.uscourts.gov/guidelines/protectiveorder.pdf

For example, the guidelines call for a specific and narrowly tailored definition for confidential information subject to the protective order. Rather than providing this specific and narrow definition, Defendants define confidential information as follows: "Information . . . or tangible things that is properly subject to, and qualifies for, protection under standards developed under FRCP 26(a)." The Court assumes that Defendants meant to cite Fed. R. Civ. P. 26(c). Regardless, Defendants should make the definition much more specific and narrow and attempt to

---

[2] *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000) (citation omitted).

[3] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (citations omitted).

define it in terms of the information the parties expect to exchange, such as the confidential financial information that both parties appear to agree will be produced and should be protected in this action.

In addition, the proposed protective order attempts to govern non-parties. For example, Defendants define "producing party," "designating party," and "party" to include non-parties (such as experts), and then insert provisions throughout the order that purport to require the producing party, designating party, and party, which includes non-parties, to take certain actions. In addition, the protective order purports to tell court reporters and their staff to take certain actions. Further, the proposed agreement to be bound by the protective order contains language stating that a non-party may be subject to sanctions by the Court in this case and that the non-party agrees to submit to the Court's jurisdiction. However, as the guidelines point out, the Court does not have jurisdiction over non-parties and the Court therefore cannot require that non-parties take or not take certain actions. Thus, each of these provisions in the protective order needs to be revised.

Because it is clear that the parties agree a protective order is necessary in this case, the Court will give the parties seven days to confer and agree upon the terms of a proposed protective order that takes into consideration the Court's guidelines as well as the requirements of Fed. R. Civ. P. 26(c). If the parties cannot agree on the terms of a proposed protective order, then they shall file their respective motions in support of their version of a protective order, along with a proposed protective order, **within 14 days** of the date of this Order.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order (ECF No. 21) is denied.

**IT IS FURTHER ORDERED** that **within seven days** of the date of this Order, the parties shall confer and attempt to agree upon the terms of a proposed protective order that takes into consideration the Court's guidelines as well as the requirements of Fed. R. Civ. P. 26(c). If the parties cannot agree on the terms of a proposed protective order, then they shall file their respective motions in support of their version of a protective order, along with a proposed protective order, **within 14 days** of the date of this Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 9th day of November 2010.

                                                               s/ David J. Waxse
                                                               David J. Waxse
                                                               U.S. Magistrate Judge

cc:    All counsel and *pro se* parties