**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **DESIGN BASICS, L.L.C.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **Case No. 09-2614-KHV-DJW** |
| | ) | |
| **JAMES STRAWN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendants' Motion to Compel (ECF No. 31). Defendants ask the Court to (1) overrule Plaintiff's objection to the terms "principal" and "material" used to describe the information and documents requested, (2) overrule Plaintiff's boilerplate objections, (3) order Plaintiff to completely and properly respond to Interrogatories Nos. 3, 4, 8, and 11, (4) order Plaintiff to completely and properly respond to Document Request Nos. 38, 39, 43, 44, 45, and 50, and (5) order Plaintiff to pay the reasonable costs, including attorney's fees, incurred in connection with the filing of the Motion. For the reasons set forth below, the Motion is granted in part and denied in part.

## I.     BACKGROUND

Plaintiff claims it is engaged in the business of publishing and licensing architectural house designs, and that it is the author of and the sole owner and proprietor of all right, title and interest in and to the copyrights in certain home plans and designs published on its Internet website, in various books, and in periodicals, such as home buyer guides. Plaintiff brought this copyright action against Defendants, alleging that Defendants, without authorization, created derivatives of several of Plaintiff's home floor plans and used them for promotional purposes on their website. Plaintiff

further alleges that Defendants have constructed and sold an unknown number of houses that infringe Plaintiff's copyrights in its copyrighted home plans. Plaintiff thus argues that Defendants have infringed Plaintiff's copyrights in one or more of Plaintiff's copyrighted home plans.

On May 27, 2010, Defendants' served their First Interrogatories and First Request for Production of Documents to Plaintiff. On July 16, 2010, pursuant to the parties' agreement, Plaintiff timely served its responses and objections to Defendants' interrogatories and document requests. Defendants then filed their Motion, asking the Court to overrule several of Plaintiff's objections and to order Plaintiff to fully and completely respond to several of the interrogatories and document requests.

## II.    CONFERENCE REQUIREMENTS

"The court will not entertain any motion to resolve a discovery dispute . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[1] Therefore, before addressing the merits of Defendants' Motion, the Court must determine whether Defendants' counsel complied with the conference requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.

Fed. R. Civ. P. 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[2] Under Rule 37, the movant is required "to

---

[1] D. Kan. Rule 37.2.

[2] Fed. R. Civ. P. 37(a)(1).

make a good faith attempt to resolve the discovery dispute [] before filing a motion to compel discovery responses."[3]

In addition, D. Kan. Rule 37.2 requires counsel for the moving party to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[4] D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[5]

The Court has reviewed Defendants' counsel's description of the attempts to confer with Plaintiff's counsel before filing the Motion. It appears that on August 4, 2010, Defendants' counsel sent a "golden rule" letter to Plaintiff's counsel, which described in detail Defendants' concerns with Plaintiff's responses and objections, and requested a telephone conference to discuss and attempt to resolve the disputed issues. On August 9, 2010, the parties participated in this telephone conference, which lasted approximately one-and-one-half hours, wherein the parties were able to resolve some but not all of the disputed issues. On August 10, 2010, Defendants' counsel sent an email to Plaintiff's counsel outlining what he believed to be each party's position on the disputed issues discussed during the August 9th telephone conference and requesting clarification from Plaintiff's counsel if he disagreed with any of the summary. Plaintiff's counsel responded that same day. The parties ultimately were unable to resolve all of their disputes and thus Defendants filed their Motion. The Court therefore concludes that Defendants' counsel satisfied the conference

---

[3] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, Civ. A. No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).

[4] D. Kan. Rule 37.2.

[5] *Id.*

requirements set forth in the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.

## III.     ISSUES NO LONGER DISPUTED

Defendants' counsel discussed numerous issues with Plaintiff's counsel during the "meet and confer" process. These issues included (1) Plaintiff's objection to the use of the terms "principal" and "material" to describe the information and documents sought by Defendants, (2) Plaintiff's refusal to clarify its use of the phrases "plan modifications" and "the reports" in its answer to Interrogatory No. 8, and (3) Plaintiff's refusal to produce any documents responsive to Document Request No. 44. Despite Defendants' counsel's efforts to resolve these issues, Plaintiff stood by its positions. Now that Defendants have filed a Motion, Plaintiff has changed its mind on each of these issues.

### 1.     *Principal and Material*

With respect to its objection to the use of the terms "principal" and "material" to describe information and documents sought by Defendants, Plaintiff states in its response brief, "After reading the *Allianz* opinion written by this Honorable Court, Plaintiff withdraws its objections to Defendants' use of the terms 'principal and material' to describe the information and documents sought for production."[6] Plaintiff is referring to *Allianz Insurance Co. v. Surface Specialities, Inc.*, where this Court explained that interrogatories may "properly ask for the 'principal or material' facts that support an allegation or defense."[7] It appears that Defendants' counsel pointed this rule out to

---

[6] Design Basics, LLC's Resp. to Strawn Defs.' Mot. to Compel (ECF No. 34) at 1-2.

[7] *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. Civ. A. 03-2470-CM, 2005 WL 44534, at *8 (D. Kan. Jan. 7, 2005) (citations omitted).

Plaintiff's counsel during the meet and confer process, but Plaintiff's counsel did not read this case (or any other relevant cases) at that time or, if he did, he apparently did not find the case persuasive until Defendants filed this Motion.

### 2.    *Interrogatory No. 8*

Plaintiff also changed its position on clarifying its answer to Interrogatory No. 8. Interrogatory No. 8 asks Plaintiff to identify all persons who Plaintiff claims or believes may have knowledge or information relevant to the subject matter of this action and to give a short description of each individual's topic of knowledge. Plaintiff did not object to Interrogatory No. 8, but rather provided the requested information, naming eight individuals and describing their topic of knowledge, including Trish Baker, who works with "plan modifications," and Greg Dodge, who helped with "the reports." During the meet and confer process, Defendants' counsel asked Plaintiff's counsel to clarify the meaning of "plan modifications" and "the reports." Plaintiff's counsel refused to clarify these terms.

In Plaintiff's response brief, although continuing to insist that the descriptions were "adequately descriptive" and to claim that "such minutiae is more suited to deposition discovery," Plaintiff has now agreed to supplement the job descriptions of Trish Baker and Greg Dodge "without court intervention."[8] What Plaintiff seems to forget is that the Court became involved when Defendants filed their Motion. Thus, Plaintiff's attempt to now compromise on this issue without court intervention is no longer possible.

### 3.    *Document Request No. 44*

---

[8] Design Basics, LLC's Resp. to Strawn Defs.' Mot. To Compel (ECF No. 34) at 7.

Finally, it appears that Plaintiff has changed its position with respect to Document Request No. 44, which asks for "[t]he principal and material documents reflecting and pertaining to any charges or claims of copyright infringement asserted by [Plaintiff] against any other person concerning any of the alleged copyrights in this action."[9]  Plaintiff objected to Document Request No. 44 on numerous grounds, including that the request was over broad and unduly burdensome "because Plaintiff would be forced to locate and review all litigation files for an indefinite period of time."[10]  Plaintiff also claimed that

> [t]he responsive documents are voluminous, and so locating and reviewing the responsive documents will be difficult and extremely time-consuming with respect to determination of whether each prior case dealt with the specific works at issue in this case, and also for identification and removal of privileged documents from as many as 10 banker boxes of litigation papers going back many years.[11]

Instead of producing any documents, Plaintiff argued that the responsive "documents are easily accessible through PACER, which Defendants can search by inputting 'Design Basics' in the plaintiff blank, and access the documents at their leisure."[12]  Plaintiff then agreed to provide the styles of all cases where suit was filed so Defendants could perform a search of the PACER system.

Despite its claims of significant burden, after Defendants filed their Motion, Plaintiff filed its response stating that it "managed to inspect the cases and determine that only one of the five

---

[9] Pl.'s Objections and Resps. to Defs.' Requests for Prod. attached as Ex. C to Mem. in Supp. of Defs.' Mot. to Compel (ECF No. 32).

[10] *Id.*

[11] *Id.*

[12] *Id.*

plans at issue in this case was previously litigated."[13]  Plaintiff further stated that it was "culling privileged documents from the files and having them scanned for production electronically."[14]

### 4. Conclusion

The Court is concerned by Plaintiff's change of heart on each of these issues after Defendants filed their Motion.  The conference requirements are designed to encourage counsel to resolve discovery disputes that do not require the Court's involvement.  It appears to the Court that, under the circumstances in this case, Plaintiff's counsel did not fairly participate in the meet and confer process.  The Court finds that several of the compromises proposed by Plaintiff in its response brief could and should have been reached during the meet and confer process.  However, the Court is not surprised that these compromises were not initially reached after reading numerous argumentative comments in Plaintiff's response brief, as well as Plaintiff's counsel's comment to Defendants' counsel during the meet and confer process that he would "not spend another hour and a half deciding whether YOUR notes accurately reflect our hour and a half phone call."[15]  This kind of attitude is far from conducive to a productive and meaningful meet and confer process.

The consequences of these actions will be further discussed by the Court below in its analysis of apportionment of the expenses incurred by Defendants in filing their Motion.

## IV.    BOILERPLATE OBJECTIONS

---

[13] Design Basics, LLC's Resp. to Strawn Defs.' Mot. to Compel (ECF No. 34) at 10.

[14] *Id.*

[15] August 10, 2010 email from D. LeJune to C. Garrison, Attachment 3 to Defs.' Meet and Confer Certification in Supp. of its Mot. to Compel, attached as Ex. E to Mem. in Supp. of Defs.' Mot. to Compel (ECF No. 32) (emphasis in original).

Defendants point out that Plaintiff asserted standard, "boilerplate" objections to Interrogatory Nos. 3 and 4 and Document Request Nos. 5, 6, 25, 32-40, and 42. These objections include "vague" "unduly burdensome," "over broad," and "irrelevant." Defendants argue that Plaintiff did not support these boilerplate objections and therefore ask the Court to overrule the objections. Defendants claim that Plaintiff is not permitted to make such objections without providing specific support and rationale for those objections. During the meet and confer process, Defendants' counsel asked Plaintiff's counsel to provide this additional support and rationale, and Plaintiff's counsel refused.

Defendants are correct that Plaintiff cannot rely on its boilerplate objections alone, but rather must provide specific support for these objections. As this Court has previously explained, "The familiar litany of general objections, including overly broad, burdensome, or oppressive, will not alone constitute a successful objection to an interrogatory, nor will a general objection fulfill the objecting party's burden to explain its objections."[16] The Court requires the objection party to "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."[17]

However, the Court concludes that Plaintiff took the additional required step of providing specific support for its objections in its response brief, including the Declaration of Carl Cuozzo of Design Basics, LLC. Although it certainly would have been helpful during the meet and confer process for Plaintiff to provide this additional support, this Court has consistently allowed the

---

[16] *Allianz,* 2005 WL 44534, at *2 (citations omitted).

[17] *Id.*

nonmoving party to provide such information and support in its response to a motion to compel. Indeed, in the few cases cited by Defendants in support of their argument, it is clear that the Court looked to both the initial responses to the discovery requests *and* the response briefs for the required information.[18]  The Court therefore will not deem all of Plaintiff's boilerplate objections waived. Instead, the Court will consider each objection and Plaintiff's additional support for that objection in its response brief when addressing the specific discovery disputes raised by Defendants in their Motion.

## V.      INTERROGATORY NOS. 3 AND 4

Defendants take issue with Plaintiff's answers to Interrogatory No. 3, subparts 3, 4, 5, and 6, and Interrogatory No. 4, subparts 4 and 5.  Defendants argue that these interrogatories seek information intended to help Defendants understand the exact nature of Plaintiff's copyright claims so that Defendants can properly pursue their defenses in this case.

### 1.      *Interrogatory No. 3, subpart 3*

Interrogatory No. 3 asks Plaintiff to "[i]dentify with particularity each of [Plaintiff's] alleged copyrights [Plaintiff] claims has been infringed by any or all of Defendants."[19]  Subpart 3 asks Plaintiff to state "whether you are only claiming a protectable interest in the overall form of the design, or whether you are also claiming a protectable interest in the arrangement and composition

---

[18] *See e.g., MGP Ingredients, Inc. v. Mars, Inc.*, Civ. A. No. 06-2318-JWL, 2007 WL 3231568, at *3 (D. Kan. Oct. 30, 2007) (finding the plaintiff's boilerplate objection did not satisfy the specificity requirement for objections after noting that the plaintiff's responsive brief failed to elaborate on the objection); *Allianz*, 2005 WL 44534, at *2 (considering the plaintiff's arguments in its response brief before concluding that the plaintiff failed to show the required specificity for several of its over broad boilerplate objections).

[19] Pl.'s Objections and Resps. To Defs.' First Set of Interrogs. attached as Ex. D to Mem. in Supp. of Defs.' Mot. to Compel (ECF No. 32).

of spaces and elements in the design."[20]  Plaintiff did not object to Interrogatory No. 3, subpart 3.
Instead, Plaintiff simply answered, "[Plaintiff] claims protectable interest in everything not
utilitarian."[21]

Defendants argue that this answer is insufficient.  According to Defendants, they propounded
this interrogatory because, in order to properly defend themselves, they must know exactly what
Plaintiff claims are the protectable portions of the plans that Plaintiff alleges have been infringed.
Defendants argue that simply claiming a protectable interest in "everything not utilitarian" falls far
short of providing the specificity Defendants need to defend themselves against Plaintiff's claims.

Plaintiff's response is slightly confusing.  Plaintiff argues in its response brief, "The reason
that the over broad and over burdensome objections were raised and then the question answered in
that fashion is that there could be hundreds if not thousands of things within the plan that could
respond to this question."[22]  However, the Court notes that Plaintiff, despite its claims otherwise,
never asserted over broad or unduly burdensome objections to Interrogatory No. 3, subpart 3, and
Plaintiff fails to show good cause as to why the Court should consider these untimely objections.
The Court therefore deems these objections waived.[23]

---

[20] *Id.*

[21] *Id.*

[22] Design Basics, LLC's Resp. to Strawn Defs.' Mot. to Compel (ECF No. 34) at 3.

[23] It is well settled that any objections to discovery requests which are not timely asserted
are deemed waived, unless the responding party establishes good cause to excuse its failure to
timely object.  *See, e.g., Brackens v. Shield*, No. 06-2405-JWL-DJW, 2007 WL 2122428, at *1
(D. Kan. July 20, 2007) ("[I]n the absence of good cause to excuse a failure to timely object to
interrogatories or requests for production of documents, all objections not timely asserted are
waived."); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan.
1999) ( "[The Court] deems objections not initially raised as waived . . .. The waiver or
abandonment of objections also precludes their later assertion in a supplemental response.").

Plaintiff also claims that it answered Interrogatory No. 3, subpart 3 in the manner that it did because Plaintiff "always claims copyright protection for the overall form as well as the arrangement and composition of spaces and elements as expressed in the design, . . . responding that it claims protection of everything not utilitarian is the clearest expression of this."[24] The Court disagrees. The clearest expression by Plaintiff that it is, as it says, claiming "copyright protection for the overall form as well as the arrangement and composition of spaces and elements as expressed in the design,"[25] is for Plaintiff to simply state that it is making such a claim. Indeed, this is the exact information that Interrogatory No. 3, subpart 3 seeks from Plaintiff.

The Court will therefore grant Defendants' Motion with respect to Interrogatory No. 3, subpart 3, and require Plaintiff to, without objection, revise its answer to clearly and simply state whether it is only claiming a protectable interest in the overall form of the design, or whether it is also claiming a protectable interest in the arrangement and composition of spaces and elements in the design.

### 2. *Interrogatory No. 3, subpart 4*

Interrogatory No. 3, subpart 4 states,

[I]f you are claiming a protectable interest in the arrangement and composition of spaces and elements in the design, state with particularity the exact nature of such protectable interest, including a written description as well as a graphic depiction of each allegedly infringed design that expressly delineates each and every allegedly protectable aspect of the design.[26]

---

[24] Design Basics, LLC's Resp. to Strawn Defs.' Mot. to Compel (ECF No. 34) at 4.

[25] *Id.*

[26] Pl.'s Objections and Resps. to Defs.' First Set of Interrogs. attached as Ex. D to Mem. in Supp. of Defs.' Mot. to Compel (ECF No. 32).

Plaintiff objected to Interrogatory No. 3, subpart 4 on the grounds that it is "vague, confusing and unintelligible; over burdensome, over broad, and harassing; irrelevant, immaterial and not reasonably calculated to lead to admissible evidence."[27]  Plaintiff then answered the interrogatory subject to these objections, stating, "Defendants' plans are substantially similar to Plaintiff's plans in too many ways to have been the product of independent creation."[28]  Plaintiff then referred Defendants to graphic comparisons with numbers showing the locations of the similar elements the accused plans have to the copyrighted plans.

In its response brief, Plaintiff appears to offer a new objection that asking a party to create documents is objectionable on its face.  Plaintiff never asserted this objection when answering Interrogatory No. 3, subpart 4, and Plaintiff fails to demonstrate to the Court why there is good cause to consider this untimely objection.  The Court therefore deems the objection waived.[29]

With respect to the objections that Plaintiff did timely assert, Plaintiff did not satisfy the specificity requirement for these objections.  As Defendants point out, Plaintiff must go beyond its boilerplate objections and "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."[30]  Plaintiff failed to make this showing.  Instead, Plaintiff made a conclusory argument in its response brief that it "objected properly that the interrogatory was vague, confusing, unintelligible, over burdensome,

---

[27] *Id.*

[28] *Id.*

[29] *Brackens*, 2007 WL 2122428, at *1; *Cotracom*, 189 F.R.D. at 662.

[30] *Allianz*, 2005 WL 44534, at *2 (citations omitted).

over broad and harassing."[31] Plaintiff also claims it "went above and beyond the call of duty" by informing Defendants that their plans are substantially similar to Plaintiff's plans in too many ways to have been the product of independent creation and by providing Defendants with graphic overlays in response to the request for graphic comparisons.[32] In the Declaration of Carl Cuozzo in support of Plaintiff's objections, Mr. Cuozzo simply declared, "[O]ther than the graphic comparisons already provided to Defendants . . . , I don't know and don't understand what additional information Defendants want Design Basics to provide."[33]

Although Plaintiff believes that it went above and beyond the call of duty in answering Interrogatory No. 3, subpart 4, at no point did Plaintiff satisfy its duty of providing the requisite specificity in support of its objections. Instead, Plaintiff made conclusory claims that it properly objected and that it did not understand the interrogatory, which do not specifically show how Interrogatory No. 3, subpart 4 is vague, confusing, unintelligible, unduly burdensome, over broad, or harassing. The Court therefore overrules each of Plaintiff's objections to Interrogatory No. 3, subpart 4. The Court thus grants Defendants' Motion with respect to Interrogatory No. 3, subpart 4.

### 3. *Interrogatory No. 3, subpart 5*

Interrogatory No. 3, subpart 5 states, "[I]f you are claiming a protectable interest in the arrangement and composition of spaces and elements in the design, state with particularity the role

---

[31] Design Basics, LLC's Resp. to Strawn Defs.' Mot. to Compel (ECF No. 34) at 4.

[32] *Id.*

[33] Decl. of Carl Cuozzo of Design Basics, LLC to Pl.'s Resp. to Defs.' Mot. to Compel, attached as Ex. 11 to Design Basics, LLC's Resp. to Strawn Defs.' Mot. to Compel (ECF No. 34).

you (or your predecessor(s)-in-interest) had in the selection and arrangement of those spaces and elements such that you believe it warrants protection under 17 U.S.C. § 101 et seq."[34]  Plaintiff objected to Interrogatory No. 3, subpart 5 on the grounds that it is "over burdensome, over broad, and harassing; irrelevant, immaterial and not reasonably calculated to lead to admissible evidence."[35]  Plaintiff then provided the following answer to the interrogatory, subject to these objections: "[E]mployees of DBLLC and/or its predecessors-in-interest determined the selection and arrangement of all spaces and elements in each of its copyrighted works."[36]  Defendants argue that Plaintiff failed to provide the requisite specificity for its boilerplate objections, and therefore ask the Court to overrule the objections.

As an initial matter, the Court notes that Plaintiff does not reassert its over broad and immaterial objections in its response brief.  Accordingly, the Court deems these objections abandoned and will only consider Plaintiff's objections that Interrogatory No. 3, subpart 5 is unduly burdensome, harassing, and irrelevant.[37]

> a.  *Unduly Burdensome*

---

[34] Pl.'s Objections and Resps. to Defs.' First Set of Interrogs. attached as Ex. D to Mem. in Supp. of Defs.' Mot. to Compel (ECF No. 32).

[35] *Id.*

[36] *Id.*

[37] When ruling on a motion to compel, the Court will consider only those objections that have been timely asserted and then relied upon in response to the motion to compel. *See Moses v. Halstead*, 236 F.R.D. 667, 672 n.8 (D. Kan. 2006); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 n.15 (D. Kan. 2005).  Objections initially raised but not relied upon in a response to a motion to compel will be deemed abandoned. *See Moses*, 236 F.R.D. at 672 n.8; *Cardenas*, 232 F.R.D. at 380 n.15.

Plaintiff has the burden to support its unduly burdensome objection.[38]  In doing so, Plaintiff must "show not only 'undue burden or expense,' but also [] show that the burden or expense is unreasonable in light of the benefits to be secured from the discovery."[39]  Plaintiff argues that the interrogatory is unduly burdensome because Plaintiff "was purchased last summer, and due to the severe downturn in the economy, none of the principals and very few of the employees who were there when the plans at issue were created, remain."[40]  Plaintiff further argues that because these individuals are no longer with the company, it "would be difficult, if not impossible" for Plaintiff to discern the role of the predecessors-in-interest in the selection and arrangement of spaces and elements.  Plaintiff submits the Declaration of Carl Cuozzo in support of this argument.

The Court has considered Plaintiff's arguments and concludes that Plaintiff has not provided the Court with sufficient information to conclude that the interrogatory is unduly burdensome.  Plaintiff does not adequately support its claim that it would be difficult or impossible to get the information requested by the interrogatory. Are there two former employees who were involved in the selection and arrangement of spaces and elements or were there forty? Why are these individuals difficult or impossible to find?  Has Plaintiff ever attempted to locate these individuals?  Without additional information to support Plaintiff's claims, the Court cannot agree that Interrogatory No. 3, subpart 5 is unduly burdensome.

      *b.*      *Irrelevant and Harassing*

---

[38] *Manning v. General Motors*, 247 F.R.D. 646, 654 (D. Kan. 2007).

[39] *Id.*

[40] Design Basics, LLC's Resp. to Strawn Defs.' Mot. to Compel (ECF No. 34) at 5.

Plaintiff claims that Interrogatory No. 3, subpart 5 is harassing and irrelevant because "all the plans at issue in this case were registered with the copyright office prior to the infringements alleged" and therefore "the originality of the plans is not at issue."[41] According to Plaintiff, because originality of the plans is not at issue, the role its former employees had in the selection and arrangement of spaces and elements is irrelevant and to seek such information is harassing.

The Court disagrees. It is well settled that in order to establish copyright infringement " two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."[42] The validity of a copyright depends upon originality.[43] "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity."[44] The Supreme Court has explained, "The mere fact that a work is copyrighted does not mean that every element of the work may be protected. Originality remains the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author."[45]

Here, Defendants have asserted an affirmative defense that "Plaintiff does not own or have valid copyright(s) in any of the material, works, or elements of works at issue in this action as such works, material, or elements are not original and/or contains or constitute uncopyrightable subject

---

[41] *Id.*

[42] *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (citation omitted).

[43] *Id.*

[44] *Id.* at 345 (citation omitted)

[45] *Id.* at 348 (citations omitted).

matter, concepts and/or ideas."[46] Thus, it appears to the Court that originality is an issue in this case. The Court therefore concludes that the interrogatory is not, as Plaintiff argues, harassing.

As for the relevance of the interrogatory, this Court has explained the standard for relevance on numerous occasions. Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."[47] Relevancy is broadly construed during the discovery phase, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[48] When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[49] Conversely, when the relevancy of the requested discovery is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.[50]

The Court finds that Interrogatory No. 3, subpart 5 is relevant on its face. Defendants have asserted an affirmative defense that Plaintiff does not own or have valid copyrights because they lack originality, and Interrogatory No. 3, subpart 5 seeks information directly related to the

---

[46] Defs.' Am. Answer and Countercls. (ECF No. 12) at 6.

[47] Fed. R. Civ. P. 26(b)(1).

[48] *Cardenas*, 232 F.R.D. at 382; *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004).

[49] *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006); *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[50] *Johnson*, 238 F.R.D. at 653; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

originality of the copyrights at issue in this case.  Plaintiff thus has the burden of establishing that the requested information does not come within the scope of relevance or that it is of such marginal relevance that the potential harm caused by the discovery outweighs the presumption in favor of broad disclosure.  Plaintiff has not met this burden.  Plaintiff's argument that the plans were registered with the copyright office before the infringements alleged does not demonstrate that information related to originality of the copyrights is not relevant.  One of the elements in a copyright infringement case is the validity of the copyrights, which Defendants have challenged based on the alleged lack of originality.  The issue of originality is therefore very relevant.  In addition, as discussed above, Plaintiff has not demonstrated that the burden imposed by the discovery outweighs the benefits of the discovery.  Plaintiff has not explained why it is so difficult to contact its former employees to learn the answer to Interrogatory No. 3, subpart 5.  The Court thus overrules all of Plaintiff's objections to Interrogatory No. 3, subpart 5.  As such, the Court grants Defendants' Motion with respect to Interrogatory No. 3, subpart 5.

### 4.    *Interrogatory No. 3, subpart 6*

Interrogatory No. 3, subpart 6 asks Plaintiff to state "each and every portion of the allegedly copyrighted design that you claim is a standard feature not entitled to protection."[51]  Plaintiff objected to this interrogatory on the grounds that it is "over burdensome, over broad, and harassing;

---

[51] Pl.'s Objections and Resps. to Defs.' First Set of Interrogs. attached as Ex. D to Mem. in Supp. of Defs.' Mot. to Compel (ECF No. 32).

irrelevant, immaterial and not reasonably calculated to lead to admissible evidence."[52] Plaintiff then

answered the interrogatory, subject to its objections, as follows:

> It is impossible to isolate and categorize any particular part of an architectural work
> as a 'standard feature' when all the design elements are so interrelated and
> inextricably intertwined. Therefore [Plaintiff] believes there are no 'standard
> features' not entitled to protection by virtue of their interrelation with all other parts
> of its works.[53]

Plaintiff provides the same answer in its response brief as well as the Declaration of Carl Cuozzo

in support of its response brief. Plaintiff takes the position that there are no "standard features" not

entitled to protection.

Defendants argue that this response is incorrect and contrary to copyright law. However,

regardless of what the applicable copyright law may be on this issue, the interrogatory asks Plaintiff

to state every portion of the copyrighted plans that *Plaintiff claims* is a standard feature not entitled

to protection. Plaintiff answered this question - there are none. Defendants may not like the answer,

but the answer fairly meets the question posed by the interrogatory. The Court therefore need not

concern itself with the objections because Plaintiff has answered the interrogatory. Thus, the Court

denies Defendants' Motion with respect to Interrogatory No. 3, subpart 6.

### 5.        *Interrogatory No. 4, subpart 4*

Interrogatory No. 4 asks Plaintiff to "[i]dentify with particularity each and every instance in

which you believe Defendants have infringed any alleged copyright of yours."[54] Subpart 4 asks

Plaintiff to state whether Plaintiff is "claiming infringement of the overall form of the design of [its]

---

[52] *Id.*

[53] *Id.*

[54] *Id.*

alleged copyright, or whether [Plaintiff is] also claiming infringement of a specific arrangement and composition of spaces and elements in the alleged copyright."[55]  Plaintiff objected to Interrogatory No. 4, subpart 4 on the grounds that it is "vague, ambiguous and unintelligible, over burdensome, over broad, and harassing; irrelevant, immaterial and not reasonably calculated to lead to admissible evidence because there are no claims to the 'design of any copyright,' nor does any copyright have any arrangement or composition of spaces or elements."[56]  Plaintiff then answered the interrogatory subject to its objections,

> [I]f Defendants meant to use 'works' instead of 'copyrights' in this interrogatory, then please see DB 1310 - 1319 for comparisons.  It is impossible to isolate and categorize any particular part of an architectural work as a 'standard feature' when all the design elements are so interrelated and inextricably intertwined.  Therefore, [Plaintiff] believes there are no 'standard features' not entitled to protection by virtue of their interrelation with all other parts of its works. [Plaintiff] claims protectable interest in everything not utilitarian.[57]

In support of this answer, Plaintiff points the Court to the Declaration of Carl Cuozzo.  According to Mr. Cuozzo, Plaintiff objected to this interrogatory because the question did not make any sense. Mr. Cuozzo claims that Interrogatory No. 4, subpart 4 does not make any sense because Plaintiff is not making any claims to the design of any copyright and because copyrights do not have arrangements or compositions of spaces or elements.  Plaintiff therefore made a guess that Defendants meant to use the term "works" instead of "copyrights" and went on to answer the interrogatory.

---

[55] *Id.*

[56] *Id.*

[57] Pl.'s Objections and Resps. to Defs.' First Set of Interrogs. attached as Ex. D to Mem. in Supp. of Defs.' Mot. to Compel (ECF No. 32).

Again, it appears to the Court that Plaintiff fairly answered the interrogatory. Although Defendants disagree with Plaintiff's answer, the interrogatory asked Plaintiff what it is claiming and Plaintiff answered that question. The Court therefore need not examine the objections made to the interrogatory. Defendants' Motion with respect to Interrogatory No. 4, subpart 4 is denied.

### 6. *Interrogatory No. 4, subpart 5*

Interrogatory No. 4, subpart 5 states,

> [I]f you are claiming infringement of the arrangement and composition of spaces and elements in the design, state with particularity the exact nature of such alleged infringement, including a written description as well as a graphic depiction of each allegedly infringing design that expressly delineates each and every portion of the design that allegedly infringes.[58]

Plaintiff objected to Interrogatory No. 4, subpart 5 on the grounds that it is "vague, confusing and unintelligible; over burdensome, over broad, and harassing; irrelevant, immaterial and not reasonably calculated to lead to admissible evidence."[59] Plaintiff then answered the interrogatory subject to these objections, "Defendants' plans are substantially similar to Plaintiff's plans in too many ways to have been the product of independent creation. [Plaintiff] claims protectable interest in everything not utilitarian."[60] Plaintiff also referred Defendants to the same graphic comparisons with numbers showing the locations of the similar elements the accused plans have to the copyrighted plans.

In its response brief, Plaintiff claims that this interrogatory is identical to Interrogatory No. 3, subpart 4, and thus refers the Court to its arguments concerning Interrogatory No. 3, subpart 4 in

---

[58] *Id.*

[59] *Id.*

[60] *Id.*

support of its objections and answer to Interrogatory No. 4, subpart 5.  There are two problems with this argument.

First, the two interrogatories are not identical.  Interrogatory No. 3 asks Plaintiff to describe the copyrights it claims Defendants have infringed.  Subpart 4 asks Plaintiff that if it is claiming a protectable interest in the arrangement and composition of the spaces and elements in the design, then to state with particularity the nature of that protectable interest, including a description of the allegedly infringed design.  Interrogatory No. 4, on the other hand, asks Plaintiff to identify those instances in which Plaintiff believes Defendants infringed its copyrights.  Subpart 5 asks Plaintiff that if it is claiming infringement of the arrangement and composition of spaces and elements in the design, then to state the exact nature of such alleged infringement, including a description of the allegedly infringing design.  Thus, Interrogatory No. 3 seeks information concerning Plaintiff's claims about its copyrights that Defendants allegedly infringed, and Interrogatory No. 4 seeks information concerning Plaintiff's claims about Defendants' alleged infringement and Defendants' allegedly infringing designs.

Second, the Court has already overruled each of Plaintiff's objections to Interrogatory No. 3, subpart 4 because Plaintiff failed to satisfy the specificity requirement for its objections.  Thus, reliance on its argument in support of Interrogatory No. 3, subpart 4 will not help Plaintiff with its objections and answers to Interrogatory No. 4, subpart 5.

Consequently, the Court finds that Plaintiff has not satisfied the specificity requirement for its objections to Interrogatory No. 4, subpart 5.  The Court therefore overrules each of Plaintiff's objections to Interrogatory No. 4, subpart 5, and grants Defendants' Motion with respect to Interrogatory No. 4, subpart 5.

## VI.    INTERROGATORY NO. 11

Defendants ask the Court to order Plaintiff to fully answer Interrogatory No. 11, which reads,

"State, in detail, the full extent and all aspects of the business relationship between you and each of

the named Defendants in this action."[61]  Plaintiff did not object to Interrogatory No. 11, but rather

answered, "Our records show that Strawn Contracting Inc. had its first contact with Design Basics

in 1992. [Plaintiff] sold two house plan licenses to Strawn Contracting Inc., as well as marketing

materials like yard signs and promotional artwork for some plans.  Strawn Contracting Inc also

became a Woman Centric Builders in early 2009."[62]

Defendants take issue with Plaintiff's answer, arguing that it lacks the detail called for in the

interrogatory.  During the meet and confer process, Defendants asked for these details, including

"(1) the nature of the first contact in 1992, (2) the names of the two house plan licenses referenced

in the response, (3) when those licenses were sold, (4) what, specifically, the referenced 'marketing

materials' were, (5) what, specifically, the 'yard signs' were, (6) what, specifically, was the

'promotional artwork,' (7) what was meant by 'some plans,' and (8) when each of these marketing

materials were sold."[63]  Defendants argue that "[t]hese are basic facts regarding the nature of the

prior business relationship between the parties."[64]

The Court disagrees.  The interrogatory itself does not seek these additional facts, but rather

asks Plaintiff to describe the business relationship between Plaintiff and Defendants.  Plaintiff

---

[61] *Id.*

[62] *Id.*

[63] Mem. in Supp. of Defs.' Mot. to Compel (ECF No. 32) at 14.

[64] *Id.*

answered the interrogatory and now Defendants want to flush out Plaintiff's response and obtain additional information. Defendants are essentially asking follow-up questions, which amount to additional interrogatories. Thus, Defendants should either propound additional interrogatories or conduct a deposition to learn the answers to these follow-up questions. The Court therefore denies Defendants' Motion with respect to Interrogatory No. 11.

## VII. DOCUMENT REQUESTS

Defendants also ask the Court to overrule Plaintiff's objections and order Plaintiff to fully respond to Document Request Nos. 38, 39, 43, 44, 45, and 50. As previously discussed, with respect to Document Request No. 44, Plaintiff has searched for these documents and agreed to produce the responsive documents to Defendants. The Court expects Plaintiff to produce those documents as promised. The Court will examine the remaining document requests in turn.

### 1. *Document Request Nos. 38 and 39*

Because the parties discuss these document requests together, the Court will do the same. Document Request No. 38 seeks "[t]he principal and material documents containing sales figures or other financial performance information, actual or projected, for the license, sale, development, or distribution of each of the alleged copyrights in this action."[65] Plaintiff objected to Document Request No. 38 on the grounds that it is "over broad (no date parameter), over burdensome, and not reasonably calculated to lead to admissible evidence."[66] Plaintiff then provided Defendants with a spreadsheet showing licensing of the plans at issue going back ten years.

---

[65] Pl.'s Objections and Resps. To Defs.' Requests for Prod. attached as Ex. C to Mem. in Supp. of Defs.' Mot. to Compel (ECF No. 32).

[66] *Id.*

Document Request No. 39 seeks "[t]he principal and material documents reflecting and pertaining to the licensing and profitability (both gross and net) of each of the alleged copyrights in this action."[67] Plaintiff objected to Document Request No. 39 on the grounds that it is "over broad, over burdensome, irrelevant and immaterial; not reasonably calculated to lead to admissible evidence."[68] Subject to these objections, Plaintiff provided Defendants a spreadsheet showing licensing revenue for the plans at issue going back ten years. The crux of the dispute between the parties with respect to Document Request Nos. 38 and 39 is whether Plaintiff should be required to search for and produce responsive documents going back further than ten years. The Court will examine Plaintiff's relevance objections first.

As the Court has already explained, relevancy is broadly construed during the discovery phase, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[69] When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[70] Conversely, when the relevancy of the

---

[67] *Id.*

[68] *Id.*

[69] *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[70] *Johnson*, 238 F.R.D. at 653; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

requested discovery is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.[71]

Having reviewed Document Request Nos. 38 and 39, the Court finds the requested financial information going back more than ten years for each of the plans at issue in this case does not appear relevant. Thus, Defendants have the burden to establish the relevancy of their requests for the information going back further than ten years. Defendants argue that all documents relating to the licensing and profitability of the plans, including those going back more than ten years, are relevant to the calculation of damages, which will be based in large part on the financial history of the plans in question. Defendants argue they "should be able to consider the data from each and every time [Plaintiff] has licensed the plans in question in determining its opinion of the value of a license for those plans."[72]

The Court is not persuaded by Defendants that the financial information sought going back further than ten years is relevant. The Court notes that Defendants do not provide any authority to support their claim that they are entitled to financial information more than ten years old. In addition, although Defendants explain how the financial information in general is relevant, Defendants have not demonstrated how the information going back further than ten years is relevant. The Court must therefore deny Defendants' Motion with respect to the financial information requested that goes back further than ten years. The Court notes that Plaintiff has promised to provide the financial information for the last ten years, and expects Plaintiff to produce those documents as promised. However, the Court denies Defendants' Motion with respect to Document

---

[71] *Johnson*, 238 F.R.D. at 653; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[72] Mem. in Supp. of Defs.' Mot. to Compel (ECF No. 32) at 17.

Request Nos. 38 and 39 insofar as they seek financial information that is more than ten years old, and sustains Plaintiff's relevance objection to this information.

Having sustained Plaintiff's relevance objection to the financial information sought in Document Request Nos. 38 and 39 that is more than ten years old, the Court need not address Plaintiff's remaining objections.

### 2.     *Document Request No. 43*

Document Request No. 43 seeks "[t]he principal and material documents or other tangible items pertaining to, relating to, or representing Plaintiff's compliance with the Notices of Copyrights requirements, pursuant to 17 U.S.C. § 401 *et seq.*, for each of the alleged copyrights in this action."[73] Defendants, in their Motion, advise that they are seeking two categories of documents in response to Document Request No. 43: "(1) [Plaintiff's] internal policies and procedures regarding placing of copyright notice on its plans, and (2) documentation showing whether [Plaintiff] has in fact properly displayed such notices on each of the five plans it is accusing [Defendants] of infringing."[74] Plaintiff objected to Document Request No. 43 on the grounds that it is "over broad and over burdensome because Plaintiff has been actively marketing these plans since they were created and registered in years 1989, 1995 and 2002; irrelevant and immaterial, as all of Plaintiff's plans at issue were created, registered and first marketed after enactment of the Boerne Convention."[75]

---

[73] Pl.'s Objections and Resps. to Defs.' Requests for Prod. attached as Ex. C to Mem. in Supp. of Defs.' Mot. to Compel (ECF No. 32).

[74] Mem. in Supp. of Defs.' Mot. to Compel (ECF No. 32) at 18.

[75] Pl.'s Objections and Resps. to Defs.' Requests for Prod. attached as Ex. C to Mem. in Supp. of Defs.' Mot. to Compel (ECF No. 32).

Plaintiff does not reassert its over broad or unduly burdensome objections in its response brief. Accordingly, the Court deems those objections abandoned.[76] The only objection left for the Court to consider is Plaintiff's relevance objection.

The Court concludes that the relevance of Document Request No. 43 is not readily apparent. Thus, Defendants have the burden to show how the requested information is relevant.[77] Defendants argue that they are seeking documentation of whether Plaintiff has continuously marked its public displays of the plans at issue in this case with the "circle c" mark (©) or the word "copyright." While such a mark is not required by the Copyright Act, if such a mark is used then, under 17 U.S.C. § 401(d), "no weight shall be given to such a defendant's interposition of a defense based on innocent infringement in mitigation of actual or statutory damages, except as provided in the last sentence of section 504(c)(2)."[78] Defendants therefore argue that the information sought in Document Request No. 43 is relevant to the innocent infringement defense they have asserted.[79]

Plaintiff argues that the information is not relevant because it is impossible for Defendants to establish innocent infringement as Defendants previously purchased licenses for several of Plaintiff's plans and received several plan books over the years that were laden with warnings about infringement. Although the finder of fact may ultimately agree with Plaintiff's contentions, the Court concludes that Defendants have established that the information requested is relevant to its defense of innocent infringement, which is an issue in this case that has not yet been decided. The

---

[76] *Moses*, 236 F.R.D. at 672 n.8; *Cardenas*, 232 F.R.D. at 380 n.15.

[77] *Johnson*, 238 F.R.D. at 653; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[78] 17 U.S.C. § 401(d).

[79] *See* Defs.' Am. Answer and Countercls. (ECF No. 12) at 6.

Court therefore overrules Plaintiff's relevance objection and grants Defendants' Motion with respect to Document Request No. 43.

### 3. *Document Request Nos. 45*

Document Request No. 45 seeks "[t]he principal and material documents reflecting and pertaining to any charges or claims or copyright infringement asserted by [Plaintiff] against any other person."[80] As discussed above, Plaintiff has already agreed to produce documents responsive to Document Request No. 44, which seeks the principal and material documents pertaining to Plaintiff's claims of copyright infringement concerning the alleged copyrights involved in this action. However, it appears that Document Request No. 45, which seeks the principal and material documents pertaining to any charges or claims of copyright infringement asserted by Plaintiff against any other person, is still in dispute. Plaintiff objected to Document Request No. 45 on the grounds that it is over broad, unduly burdensome, and seeks irrelevant documents.

The Court will consider Plaintiff's over broad objection first. "Unless the request is overly broad on its face, Plaintiff, as the party resisting discovery, has the burden to support its objection."[81] The Court has reviewed Document Request No. 45 and concludes that the request is over broad on its face. The request is not limited by a time frame or by a sufficiently specific topic. Instead, it seeks documents on *any* copyright claims or charges made by Plaintiff at *any* time against *any* person. The Court will therefore sustain Plaintiff's over broad objection.

---

[80] Pl.'s Objections and Resps. to Defs.' Requests for Prod. attached as Ex. C to Mem. in Supp. of Defs.' Mot. to Compel (ECF No. 32).

[81] *Allianz*, 2005 WL 44534, at *2 (citation omitted).

Plaintiff also argues that the requested information is not relevant. The Court agrees. The relevance of claims and charges concerning copyrights not involved in this action is not readily apparent, and the Court concludes that Defendants have not shown how this information is relevant. The Court therefore sustains Plaintiff's relevance objection. In doing so, the Court need not consider Plaintiff's unduly burdensome objection.

The Court thus denies Defendants' Motion with respect to Document Request No. 45, but does expect that Plaintiff will provide documents responsive to Document Request No. 44 as promised.

### 4.     *Document Request No. 50*

Document Request No. 50 seeks "[a]ll documents supporting [Plaintiff's] contention that each of the alleged copyrights in this action pertaining to certain home plans and designs were published on [Plaintiff's] 'Internet web site, in various books and in periodicals such as home buyer guides,' as alleged in paragraph 8 of [Plaintiff's] Complaint."[82]  Plaintiff objected to Document Request No. 50 on the grounds that it is "vague, ambiguous and unintelligible, as Plaintiff has never contended that any 'copyrights pertaining to certain home plans and designs were published.'"[83] Plaintiff further objected that "if what Defendants seek production of are copies of all web pages, books and periodicals where the works at issue (thus far) in this case were published, it is objectionable as being over broad and over burdensome, because Plaintiff has been actively marketing these plans since they were created and registered during the previous two decades."[84]

---

[82] Pl.'s Objections and Resps. to Defs.' Requests for Prod. attached as Ex. C to Mem. in Supp. of Defs.' Mot. to Compel (ECF No. 32).

[83] *Id.*

[84] *Id.*

Plaintiff then went on to answer the document request, subject to its objections, as follows, "Plaintiff is still searching for and identifying and saving the URL's where the subject works appeared on the Internet for the past several years, and will produce them as well as the books, periodicals and sales brochures responsive by supplementing this request when they are all located."[85]

Plaintiff does not reassert any of its objections to Document Request No. 50 in its response brief. Accordingly, the Court deems the objections abandoned.[86] Instead of reasserting its objections, Plaintiff, for the first time, argues that the requested information is confidential and therefore states that it will produce the information once a protective order is entered in this case. However, Plaintiff did not timely assert this confidentiality objection in response to Document Request No. 50, and Plaintiff has not demonstrated good cause for the Court to consider this objection now.[87] The Court therefore finds that Plaintiff waived this objection. However, even if Plaintiff had not waived this objection, as Defendants point out, the document request does not seek any confidential information, but rather specifically asks for *published* information, *i.e.*, information made available to the public. As such, the requested information cannot be considered confidential. The Court therefore grants Defendants' Motion with respect to Document Request No. 50.

## VIII. EXPENSES

Fed. R. Civ. P. 37 governs the payment of expenses incurred in making a motion to compel. Rule 37(a)(5)(C) provides that if a motion to compel is granted in part and denied in part, as is the case here, "the court may, after giving an opportunity to be heard, apportion the reasonable expenses

---

[85] *Id.*

[86] *Moses*, 236 F.R.D. at 672 n.8; *Cardenas*, 232 F.R.D. at 380 n.15.

[87] *Brackens*, 2007 WL 2122428, at *1; *Cotracom*, 189 F.R.D. at 662.

for the motion."[88]  The Court notes that it is not required to hold a hearing before making such an award.  Although the Court must afford the party an "opportunity to be heard," the Court may consider the issue of expenses "on written submissions."[89]  Here, Defendants expressly requested in their Motion that they be awarded attorney's fees and expenses.  Plaintiff filed a response brief and had an opportunity to address the issue of expenses.  The Court therefore finds that the parties had sufficient "opportunity to be heard" within the meaning of Rule 37(a)(5)(A).

As discussed at length above, Plaintiff abandoned several of its objections after Defendants filed their Motion.  In addition, Plaintiff changed its position on several matters, including (1) Plaintiff's objection to the use of the terms "principal" and "material" to describe the information and documents sought by Defendants, (2) Plaintiff's refusal to clarify its use of the phrases "plan modifications" and "the reports" in its answer to Interrogatory No. 8, and (3) Plaintiff's refusal to produce any documents responsive to Document Request No. 44.  In light of these changed positions and abandoned objections, the Court finds it appropriate to require Plaintiff to pay half of the expenses, including attorney's fees, that Defendants incurred in filing the Motion.  To assist the Court in determining the proper amount of the award, Defendants' counsel shall file, by **November 30, 2010**, an affidavit itemizing the fees and expenses that Defendants incurred in bringing the Motion. Plaintiff shall have until **December 10 , 2010** to file a response to the affidavit.  Thereafter, the Court will issue an order specifying the amount of the award and the time of payment.

---

[88] Fed. R. Civ. P. 37(a)(5)(C).

[89] *Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 1249339, at *11 n.7 (D. Kan. Oct. 9, 2001) (citing Fed. R. Civ. P. 37(a) advisory comm. n.).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel (ECF No. 31) is granted in part and denied in part as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff shall serve, without asserting any objections, its responses to the interrogatories and requests for production, and produce all requested documents, as ordered by the Court herein, on or before **December 3, 2010**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay half of the expenses, including attorney's fees, Defendants incurred in filing the Motion. Defendants shall file by **November 30, 2010** an affidavit itemizing the reasonable attorney's fees and expenses they incurred in connection with filing the Motion. Plaintiff's response to the affidavit shall be filed on or before **December 10, 2010**.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 17th day of November 2010.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties